No. 22-2144
_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

DONNIE BOBO,

*Plaintiff-Appellant*,

v.

STEVEN ERICSONS

*Defendant-Appellee*.

On Appeal from the United States District Court
for the Western District of Michigan
1:22-cv-1122
Sally J. Berens U.S. Magistrate Judge

## APPELLANT DONNIE BOBO'S OPENING BRIEF

Samuel Weiss
RIGHTS BEHIND BARS
416 Florida Avenue NW, Unit 26152
Washington, DC 20001
202-455-4399
sam@rightsbehindbars.org
*Attorney for the Plaintiff-Appellant Donnie Bobo*

# Disclosure of Corporate Affiliations and Financial Interest

Sixth Circuit
Case Number: 22-2144　　　　　Case Name: Bobo v. Ericsons

Name of counsel: Samuel Weiss

Pursuant to 6th Cir. R. 26.1, Donnie Bobo
*Name of Party*
makes the following disclosure:

1. Is said party a subsidiary or affiliate of a publicly owned corporation? If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

No

2. Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome? If yes, list the identity of such corporation and the nature of the financial interest:

No

## CERTIFICATE OF SERVICE

I certify that on __March 20, 2023__ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

s/ Samuel Weiss

This statement is filed twice: when the appeal is initially opened and later, in the principal briefs, immediately preceding the table of contents. See 6th Cir. R. 26.1 on page 2 of this form.

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................ ii
JURISDICTIONAL STATEMENT .................................................................... 1
STATEMENT OF THE ISSUES ........................................................................ 1
STATEMENT OF THE CASE ........................................................................... 1
SUMMARY OF ARGUMENT ........................................................................... 4
ARGUMENT ....................................................................................................... 4
CONCLUSION .................................................................................................. 10
CERTIFICATE OF SERVICE
CERTIFICATE OF COMPLIANCE
DESIGNATION OF RELEVANT DOCUMENTS

# TABLE OF AUTHORITIES

**Cases**

*Erickson v. Pardus*, 551 U.S. 89 (2007) ................................................................. 4

*Flanory v. Bonn*, 604 F.3d 249 (6th Cir. 2010) ....................................................... 5

*Haines v. Kerner*, 404 U.S. 519 (1972) .................................................................. 5

*Jackson v. McIntosh*, 90 F.3d 330 (9th Cir. 1996) .................................................. 7

*LeMarbe v. Wisneski*, 266 F.3d 429 (6th Cir. 2001) ........................................ 5, 8, 9

*Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376
    (6th Cir. 1993) .................................................................................................. 9

*Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976) .................................................... 5

*Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509 (6th Cir. 2001) ............................... 4

**Statutes**

28 U.S.C. § 1291 ....................................................................................................... 1

28 U.S.C. § 1331 ....................................................................................................... 1

## STATEMENT ON ORAL ARGUMENT

Bobo does not request oral argument. Defendant has not been served and therefore would not participate in oral argument; the record is very small; and the district court's error is clear.

## STATEMENT OF JURISDICTION

The district court had subject-matter jurisdiction under 28 U.S.C. § 1331. The district court's December 13, 2022 Opinion dismissed Bobo's complaint on screening, disposing of all claims of all parties. RE 6, Opinion, PageID 38–39. The district court issued a separate judgment on the same date, dismissing the action with prejudice. RE 7, Judgment, PageID 40. Bobo timely filed a notice of appeal on December 15, 2022. RE 8, Notice of Appeal, PageID 41; *see* Fed. R. App. P. 4(c). This Court has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

- Whether Bobo stated a claim for an Eighth Amendment violation for failure to treat his excruciating tooth pain.

## STATEMENT OF THE CASE

Donnie Bobo is incarcerated in the Michigan Department of Corrections (MDOC). RE 1, Complaint, PageID 2. Bobo was incarcerated at the Lakeland

Correctional Facility and Defendant Steven Ericsons was employed by MDOC as a dentist at Lakeland at all relevant times for this case. *Id.*

On June 27, 2022, Ericsons pulled one of Bobo's wisdom teeth. *Id.* He did not pull the companion tooth that needed to be pulled, instead telling that Bobo needed to see a specialist to have this procedure. *Id.* This procedure began a period of time in which Bobo was in "excruciating pain" because of his teeth, continuing through his filing of the complaint. *Id.*

In September 2022, Bobo was sent back to see Ericsons to have two of his teeth filled, corrected, and strengthened. *Id.* But Ericsons did not perform the procedure. *Id.* Instead, he only informed Bobo that his teeth would be very sensitive for the next six months, presumably because the earlier surgery. RE 1, Complaint, PageID 2–3.

A week later, Bobo was sent to see Ericsons again because of excruciating pain in his teeth. RE 1, Complaint, PageID 3. A week after that, prison staff sent Bobo to see Ericsons again because of continuing excruciating pain in his teeth. *Id.* Ericsons, however, was unprofessional towards Bobo. *Id.* He became loud and angry, at one point sticking his hands in Bobo's face, trying to start a fight with Bobo. *Id.* The correctional officer had to intervene to stop the conflict and reprimand Ericsons. *Id.*

Bobo filed a grievance the same day for Ericson's "intentional" infliction of pain on Bobo and then failing to provide him anything for his pain. *Id.* Two weeks later, October 3, 2022, Ericsons finally provided him twelve days' worth of Trimox, an antibiotic. *Id.* On the same day, Ericsons informed Bobo that he also needed to see a specialist for his left side teeth. RE 1, Complaint, PageID 4. As of the filing of his complaint, he remained in excruciating pain and had never seen a specialist, either for his wisdom tooth or for his left side teeth. *Id.*

Bobo filed a complaint *pro se* alleging, *inter alia*, violations of the Eighth Amendment for "denying [him] medical treatment." RE 1, Complaint, PageID 5. He affirmed that the allegations were true under penalty of perjury. RE 1, Complaint, PageID 6.

Magistrate Judge Sally Berns conducted a pre-service screening of the complaint for frivolity as required by the Prison Litigation Reform Act. RE 6, PageID.25. The court concluded that Bobo adequately alleged a serious medical need as required to state a claim for an Eighth Amendment violation. RE 6, PageID.35. He did not, however, adequately allege deliberate indifference, the court concluded, as "Plaintiff's complaint amounts to no more than a difference in opinion between him and Defendant Ericsons." RE 6, PageID.37. The district court dismissed Bobo's claims with prejudice and no leave to amend. RE 6, PageID.38.

## SUMMARY OF THE ARGUMENT

The district court erred in dismissing Bobo's complaint on pre-service screening. As was undisputed below, his excruciating pain was a serious medical need. The court erred, however, in failing to hold that Bobo adequately alleged that Ericsons was deliberately indifferent to his pain through his allegations that Ericsons did not provide him any medication for excruciating pain for months; referred him to specialists for multiple procedures that never occurred; and had to be physically restrained from attacking Bobo. The district court's conclusion that Ericsons's conduct was a reflection of mere medical disagreement does not have any support in Bobo's allegations and is premature on a pre-service screening order. At the very least, the district court should have given Bobo a chance to amend his complaint before dismissing it with prejudice.

## ARGUMENT

This Court reviews a dismissal for failure to state a claim under a *de novo* standard of review. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511–12 (6th Cir. 2001) ("In reviewing the motion, we must construe the complaint in the light most favorable to the plaintiff [and] accept all of the complaint's factual allegations as true"). *Pro se* filings are "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). This Court must

read Plaintiff's pro se complaint "indulgently" and accept Plaintiff's allegations as true. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

"Under the Eighth Amendment, a prisoner has a right not to have prison officials act with deliberate indifference to his health and safety." *LeMarbe v. Wisneski*, 266 F.3d 429, 435 (6th Cir. 2001). In the health care context, a prisoner has stated a claim for an Eighth Amendment violation when he alleges that 1) he has a serious medical need; and 2) defendants have been deliberately indifferent to it, meaning they knew of and disregarded an excessive risk to the prisoner's health. *Id.* "[A] prisoner who is needlessly allowed to suffer pain when relief is readily available does have a cause of action against those whose deliberate indifference is the cause of his suffering." *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976); *see also Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) ("[a] cognizable claim regarding inadequate dental care, like one involving medical care, is based on various factors, such as the pain suffered by the plaintiff, the deterioration of the teeth due to a lack of treatment, or the inability to engage in normal activities." (internal quotation marks omitted)). The district court correctly concluded that Bobo's excruciating pain constituted a serious medical need but held that Bobo failed on prong two, having not plausibly alleged that Ericsons was deliberately indifferent. RE 6, PageID.35, PageID.37. The court erred.

The district court's primary mistake was not giving Bobo the inferences that he was owed as a *pro se* litigant. Although Bobo's allegations were succinct, the district court did this in several ways. First, Bobo alleged that on September 6, Ericsons was supposed to fill and strengthen two of his teeth but that "never" happened. RE 1, PageID.2. A week later, Bobo returned to Ericsons with the goal of fixing his problem, and the district court inferred that Ericsons in fact did so. PageID.36. But that is not at all clear from Bobo's allegation, and the district court should not have made an inference in favor of Ericsons.

Second, the district court noted that Bobo alleged that Ericsons referred him to a specialist in October 2022 but still had not seen a specialist by November, although it concluded that no allegation supported an inference that this delay was attributable to Ericsons. RE 6, PageID.36–37. This conclusion neglects to mention that Ericsons also told Bobo that he needed to see a specialist for a wisdom tooth extraction months earlier in June and he never saw a specialist regarding that surgery either. Furthermore, it is plausible—and indeed, likely—that Bobo was simply not aware of whose job it was at the prison to coordinate referrals to outside specialists, such as the sort of dental surgeon who could perform the procedures that the in-house dentist was unqualified or unwilling to do. He filed suit against a plausible defendant in Ericsons, who had said that he needed to see a specialist twice without

this ever occurring. Given the inferences owed to a *pro se* complaint, these allegations are sufficient to survive screening.

Third, the district court noted that Ericsons acted unprofessionally but that this on its own does not constitute deliberate indifference. RE 6, PageID.36. Certainly not, but Bobo's allegations went beyond mere unprofessionalism, alleging that in the clinical environment, when Bobo was seeking treatment for excruciating pain, Ericsons physically attacked Bobo and had to be physically restrained and admonished by correctional staff.

This leads to the district court's most important inference, which was that Ericsons had a good-faith disagreement, driven by medical judgment, as to the appropriate treatment for Bobo. RE 6, PageID.37. ("Plaintiff's complaint amounts to no more than a difference in opinion between him and Defendant Ericsons"). No allegations even hint at the conclusion that Ericsons actions were driven by this kind of good-faith disagreement. And while pre-discovery, Bobo cannot know for certain what drove Ericsons's decisions, we have allegations supporting at least an inference of decision-making motivated by animus given that Bobo went to see Ericsons for treatment and correctional staff had to stop Ericsons from attacking him. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc) (holding that the defendant doctors may succeed at trial in their argument that their actions were the

7

result of "nothing more than a difference of medical opinion" but were "of no avail to the doctors" on the pre-trial appeal, as the plaintiff "has alleged the doctors chose to deny him the opportunity for a kidney transplant, not because of an honest medical judgment, but on account of personal animosity"). Ericsons will, of course, have the opportunity in discovery to introduce evidence supporting a defense that he was not deliberately indifferent but instead merely disagreed with what Bobo felt was required, but the district court may not simply assume that is the case in a pre-service screening order.

This Court's opinion in *LeMarbe v. Wisneski* is instructive. 266 F.3d 429 (6th Cir. 2001). A prison doctor conducted an exploratory surgery where he discovered what he thought might be bile pooling in the prisoner's abdomen. *Id.* at 438 The prisoner saw multiple doctors including the surgeon in the following days, *id.* at 433, and the surgeon referred him to a specialist less than two weeks later, *id.* at 447 n.5.

This Court nonetheless reversed in holding that a question remained as to the surgeon's deliberate indifference, even though the appeal was in the much more defendant-friendly posture of a summary judgment determination on the issue of qualified immunity. This Court did so in part because the failure to refer the plaintiff to a specialist "*immediately*" could constitute deliberate indifference. *Id.* at 438 (emphasis in original). And this Court rejected the defendant's argument that just because the surgeon had seen the patient after the surgery for follow-up

appointments meant that he was not deliberately indifferent: "A government doctor has a duty to do more than simply provide some treatment to a prisoner who has serious medical needs; instead, the doctor must provide medical treatment to the patient without consciously exposing the patient to an excessive risk of serious harm." *Id.* at 439.

When given the inferences he is owed, Bobo's allegations track *LeMarbe*. At the time of filing his complaint, he had been in excruciating pain for five months. RE 1, Complaint, PageID 2. Ericsons gave him nothing for his pain for months; did not follow through on necessary procedures; told him he needed to see a specialist to receive treatment but never facilitated it occurring; and had to be held back by a correctional official when he tried to attack Bobo instead of treating him. RE 1, Complaint, PageID 2–3. At this stage of the proceeding, these allegations are sufficient to state a claim.

Finally, even if this Court does not agree that the district court erred in its merits analysis, the district court plainly erred in dismissing Bobo's complaint with prejudice on screening without any opportunity for him to respond or amend his complaint. Plaintiffs, especially *pro se* plaintiffs, should be denied an initial opportunity to amend their complaint only when amendment is futile—such as when a claim is outside the statute of limitations or the defendant is entitled to sovereign immunity. *See Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987

F.2d 376, 382–83 (6th Cir. 1993) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive … undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). Here, it was plainly not obviously futile for the district court to have given Bobo the chance to amend. This Court should, at least, vacate and remand to supply Bobo that opportunity.

## CONCLUSION

This Court should reverse the district court's grant of dismissal to Defendant and remand for further proceedings.

March 20, 2023

Respectfully submitted,

/s/ *Samuel Weiss*
Samuel Weiss

Samuel Weiss
416 Florida Avenue NW, Unit 26152
Washington, DC 20001
Phone: 202-455-4399
Fax: 202-217-3879
Email: sam@rightsbehindbars.org

*Counsel for Mr. Donnie Bobo*

## CERTIFICATE OF SERVICE

I hereby certify that on the date of filing a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

March 20, 2023

*/s/ Samuel Weiss*
Samuel Weiss

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify that:

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2,256 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word with a Times New Roman 14-point font. This brief has been scanned for viruses.

Date: March 20, 2023

/s/ Samuel Weiss
Samuel Weiss

## DESIGNATION OF RELEVANT DOCUMENTS

| Description of Entry | Docket No. | Page ID |
|---|---|---|
| Complaint | 1 | 1–10 |
| Opinion | 6 | 25–39 |
| Judgment | 7 | 40 |